# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO.: 3:01CR175-V
# CIVIL DOCKET NO.: 3:04CV398-V
# NEW CIVIL DOCKET NO.: _____

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| DERRICK ALEXANDER ADAMS, ) | |
| Defendant / Petitioner. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Defendant's "Motion To Clarify And/Or Amend Mistake In Judgment Pursuant To Rule 60(b) Of Federal Rules Of Civil Procedure." (Document #41).

After jury trial, Defendant Adams was found guilty of violating 18 U.S.C. § 922(g). Defendant was sentenced to a term of 235 months imprisonment on December 19, 2002. Judgment was entered on January 13, 2003. (Document #34).

Defendant exercised his right to appeal and challenged several evidentiary rulings made at trial, including admission of a confession and decision to permit the Government to recall a witness on rebuttal. Defendant failed to raise any alleged error with respect to his sentence. On May 5, 2006, the Fourth Circuit affirmed Defendant's conviction in an unpublished *per curiam* opinion. (*United States v. Adams*, 71 Fed. Appx. 965 (4th Cir.2003) (COA No. 03-4003) (Document #36).

On August 13, 2004, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255. (*See WDNC Civil Docket No.: 3:04CV398-V*). In his Section 2255 Petition, Defendant raised an alleged sentencing error for the first time, namely, that 1) U.S. Probation "miscalculated [his] prior convictions as unconsolidated offenses," and 2) his 235 month

sentence was imposed in violation of the Sixth Amendment. (Motion at 5). Both of the legal bases asserted involved, at least tangentially, calculation of Defendant's Criminal History Category and the propriety of assigning Armed Career Criminal status in this case. *See* 18 U.S.C. §924(e). The Sixth Amendment claim included the argument that the Government failed to allege a violation of 18 U.S.C. §924(e) within the Bill of Indictment. On October 18, 2004, this Court dismissed Defendant's Motion to Vacate and rejected his position that criminal history was incorrectly calculated. (Document #2). Defendant subsequently moved to reopen his §2255 to allow him to present additional claims. (Documents ##4, 5). Defendant's motion was denied based upon a finding that the district court lacked the authority to permit amendment. (Document #5).

Defendant next appealed this Court's denial of post-conviction relief. (Document #6). On appeal, the Fourth Circuit again upheld this Court's ruling and dismissed Defendant's appeal. (*Adams v. United States*, 179 Fed. Appx. 175 (4th Cir.2006) (COA No. 05-6977) (Document #8). The Fourth Circuit explained that Defendant failed to demonstrate "a substantial showing of the denial of a constitutional right."[1] (Id.) Thus, the Fourth Circuit declined to issue a certificate of appealability, 28 U.S.C. §2253(c)(1). (Id.)

While his civil habeas case was pending on appeal, Defendant filed the instant motion in the criminal action challenging his sentence as an Armed Career Criminal. Significantly, Defendant

---

[1] The controlling standard for demonstrating "a substantial showing of the denial of a constitutional right" is when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *See* Slack v. McDaniel, 529 U.S. 473, 484 (2000); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). In addition, when a petition is denied solely on procedural grounds, the standard is met when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

2

failed to object to his treatment as an Armed Career Criminal on direct appeal.[2] Of equal significance, Defendant's motion was brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

The law is clear that a defendant may not attack a criminal judgment using the Rules of Civil Procedure. *See* United States v. Leake, 96 F. App'x 873 (4th Cir. 2004) (*citing* United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) and United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998)). Moreover, the Fourth Circuit has found that civil Rule 60(b) motions that are filed in criminal cases may be dismissed as untimely if not brought within the time to file a notice of appeal. United States v. McKelver, 225 F. Appx. 185, 186 (4th Cir. 2007). Here, the motion was filed long after Defendant's conviction and sentence were imposed by the Court. Thus, these reasons, standing alone, are more than sufficient to support dismissal.

Rule 60(b) of the Federal Rules of Civil Procedure provides that a party may obtain relief from a final judgment on several grounds, including, "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason that justifies relief." Rule 60(b)(2) and (b)(6), FED. R. CIV. P. In contrast, Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), provides stringent limitations on successive applications. *See* United States v. Winestock, 340 F.3d 200 (4th Cir. 2003). Indeed, claims in successive applications must be based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

---

[2] Adams also now asserts that appellate counsel provided ineffective assistance under the Sixth Amendment for not challenging the sentence imposed.

> convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id. at 204; 2255 ¶8; *see also* United States v. Thomas, (4th Cir.2010)(contrasting §2255(h) language, which governs *initial* §2255 petitions, with §2255(f)(3) language applicable to *successive* petitions) (*emphasis in original*). Winestock further noted that the AEDPA also modified the procedures governing collateral review applications such that "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals. . . . In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." Id. at 205.

In light of these restrictions, courts must take care "not to allow prisoners to circumvent them by attaching labels other than 'successive application' to their pleadings." Id. at 203 (*quoting* Calderon v. Thompson, 523 U.S. 538, 553 (1998)). Indeed, "district courts **must** treat motions for reconsideration pursuant to Federal Rule 60(b) as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." Id. at 206 (*emphasis added; internal quotation mark omitted*).

The proper treatment of the motion depends on the nature of the claims presented. In this regard, Winestock counsels that while there may be no fool-proof test for distinguishing between a proper Rule 60(b) motion and a successive application, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will

4

generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications." Id. at 207.

In the instant motion, Defendant is seeking to challenge his sentence on the basis of Apprendi and its progeny. *See* Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 124 S. Ct. 2531 (2004).[3] More specifically, Defendant contends his sentence should not have been enhanced based upon his prior criminal history because the Government was not required by this Court to prove the existence of his prior convictions to a jury beyond a reasonable doubt.[4] Consequently, Defendant is directly attacking his sentence as opposed to seeking a remedy for some defect in the collateral review process as would be cognizable under Rule 60(b). Furthermore, Defendant's first Motion to Vacate indirectly raised an attack on his Armed Career Criminal status. To the extent Defendant is attempting to litigate an updated version of a claim which he already raised, such repetitive claim is barred under the AEDPA. Winestock, *supra,* at 207 ("[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.").

---

[3] Since Defendant's filing, on January 12, 2005, the U.S. Supreme Court announced its decision in United States v. Booker / Fanfan, 125 S.Ct. 738 (2005). In Booker, the Supreme Court held in part that certain mandatory provisions of the United States Sentencing Guidelines were unconstitutional. The Supreme Court found that portions of the guidelines should be considered as merely "advisory" by federal sentencing judges.

[4] Defendant now advances an atypical "actual innocence" argument (*i.e.*, that he is "actually innocent" of the enhanced penalty). Defendant claims he "has never been convicted under the charge of Conspiracy to Commit Armed Robbery, and therefore, his status as that of an Armed Career Offender is legally null and void." (Motion at 2).

5

In sum, although styled as a "Motion To Clarify And / Or To Amend Mistake ...," its content reveals this latest post-conviction filing to be a successive petition. Therefore, this claim must be approved by the Fourth Circuit before Defendant can raise it here. Because this is at least Defendant's second motion to vacate, the motion must be dismissed for lack of jurisdiction.[5]

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1) The Deputy Clerk is directed to treat this motion as a Motion to Vacate, Set Aside, or Correct Sentence and file a copy of this Order within the civil case number assigned; and

2) Defendant-Petitioner's "Motion To Clarify And/Or Amend Mistake In Judgment Pursuant To Rule 60(b) Of Federal Rules Of Civil Procedure," which this Court has construed as a Motion to Vacate, Set Aside, or Correct Sentence, is **DISMISSED** *without prejudice* as successive.

Signed: February 2, 2011

Richard L. Voorhees
United States District Judge

---

[5] Moreover, even if Defendant's filing were not deemed successive, Booker has not been recognized as retroactive by the federal courts. Indeed, the Fourth Circuit has expressly rejected the proposition that Booker is to be applied retroactively to initial §2255 petitions. *See* United States v. Morris, 429 F.3d 65, 72 (4th Cir.2005)(criminal defendant unable to raise Blakely or Booker claim for the first time in §2255 petition when judgment of conviction became final before the Supreme Court decided Booker); *see also* United States v. Alston, 2006 WL 1518952, *2 (D.D.C.) (Noting that "the broad consensus of authority is that *Booker* does not apply retroactively on collateral review to initial §2255 motions.")